IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-45-M

GARY SWANSON,

  Plaintiff,

v.

NC DEPARTMENT OF
TRANSPORTATION and EARL'S
WRECKER SERVICE, INC.,

  Defendants.

ORDER

  This matter is before the Court on the Memorandum and Recommendation of United States Magistrate Judge Robert B. Jones, Jr. [DE-2.] Magistrate Judge Jones recommended that this Court allow *pro se* plaintiff Gary Swanson's ("Plaintiff") Motion for Leave to Proceed *in forma pauperis* [DE-1], but also that the case be dismissed. Magistrate Judge Jones noted that the Complaint [DE-3] failed to establish the jurisdiction of this Court and that it was frivolous, even under a liberal construction. [DE-2.]

  Attached to the memorandum and recommendation was a notice advising Plaintiff that he had fourteen days, until April 10, 2020, in which to file written objections to the memorandum and recommendation. [DE-2 at 4-5.] On April 14, 2020, after the time to file objections had lapsed, Plaintiff filed a document titled "Cause of Action" [DE-4], which appears to be a putative attempt to remedy certain jurisdictional defects Magistrate Judge Jones identified in Plaintiff's Complaint. Plaintiff alleged similar factual allegations but, unlike in his original proposed Complaint [DE-3], mentions damages in excess of $75,000 ("The Plaintiff requests $100000

1

(One Hundred Thousand Dollars)") and cites a federal statute ("The 1995 Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C.A § 14501(c)(2)(C)") [DE-4].

Construing *pro se* Plaintiff's "Cause of Action" filing liberally, the Court interprets it as an attempt to amend his complaint. Under Rule 15 of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Here, "[t]he Complaint has not been served and no responsive pleading has been filed. Therefore, Plaintiff is entitled to amend once as a matter of right and no Motion is required." *Torres v. Davis*, 1:18-cv-314-FDW, 2019 WL 1332378, at *5 (W.D.N.C. Mar. 23, 2019). If Plaintiff did indeed seek to amend his original complaint, this Court will grant him 30 days to properly do so. Upon filing of an amended complaint within the time granted, the amended complaint will be referred to Magistrate Judge Jones for further frivolity review. *See Williams v. Am. Int'l. Grp., Inc.*, No. 3:19-1616-MGL-KDW, 2020 WL 1171950, at *1 (D.S.C. Feb. 25, 2020).

If, instead, this Court were to interpret Plaintiff's filing as an objection, it is "under no obligation to consider [Plaintiff's] objections because they were untimely." *Darby v. South Carolina*, 355 F. App'x 751, 751 (4th Cir. 2009) (per curiam); *see also Holmes v. Granuaile LLC*, No. 2:16-3969-BHH, 2019 WL 350391, at *1 (D.S.C. Jan. 29, 2019) (declining to consider untimely objections). Absent a specific and timely filed objection, as here, the court reviews only for "clear error," and need not give any explanation for adopting the memorandum and recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

For the foregoing reasons, the Memorandum and Recommendation of the Magistrate Judge [DE-2] is ADOPTED IN PART. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is GRANTED. The remainder of the memorandum and recommendation, regarding whether Plaintiff's Complaint [DE-3] is legally frivolous and fails to allege subject matter jurisdiction, is HELD IN ABEYANCE pending Plaintiff's filing of an amended complaint. If Plaintiff chooses to file such an amended complaint, he is DIRECTED to do so within 30 days, by May 18, 2020.

SO ORDERED this the 17th day of April, 2020.

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE